## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### CASE NO.:  1:19-cv-1542

DANIELLE N. CRAYTON, an individual,

      Plaintiff,

                                   **CLASS ACTION**

vs.

PARKING REVENUE RECOVERY
SERVICES, INC.,

      Defendant.

                                   /

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Danielle N. Crayton, individually, and on behalf of all others similarly situated, sues Defendant, Parking Revenue Recovery Services, Inc., a Colorado corporation, and alleges:

### I.  PRELIMINARY STATEMENT

1.      This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.  JURISDICTION

2.      The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

### III.  ALLEGATIONS AS TO PARTIES

3.      Plaintiff, Danielle N. Crayton ("Ms. Crayton"), is *sui juris* and a resident of Commerce City, Adams County, Colorado.

4.      At all times material hereto, Defendant, Parking Revenue Recovery Services, Inc. was a Colorado corporation ("PRRS" or "Debt Collector") located at 12381 E. Cornell Avenue, Aurora, Colorado 80014 and doing business in Adams County, Colorado.

5.      Defendant is or was engaged in the collection of debts from consumers using the

mail and telephone.  Defendant regularly attempted to collect consumer debts alleged to be due to

another in Adams County, Colorado.

6.      At all times material, Defendant employed Gregg Van De Mark, Esquire ("Attorney

Van De Mark") as its lead counsel to collect debts on behalf of its clients through its "Attorney

Collection Program" whereby PRRS sends out collection letters to parking notice violators.

## IV.  FACTUAL ALLEGATIONS

### 1.  Description of Collection Business Model of Defendant

7.      For an extended period of time, Defendant acted as a parking fee collection provider

for various parking lots in the State of Colorado, including, but not necessarily limited to, an

unknown entity that owned a parking lot near the Denver Justice Center ("Unknown Parking Lot

Owner").

8.      Plaintiff does not know whether the Unknown Parking Lot Owner is a private

parking lot owner or a governmental entity.

9.      In the course of its representation of the various parking service providers,

Defendant regularly collected or attempted to collect monies from consumers for unpaid parking

notices, fees and assessments ("Parking Debts").

10.     To enhance its marketability to parking lot owners, Defendant offers an "Attorney

Collection Program" even though Defendant is not in fact a law firm.  From its website[1]:

> **This program is our standard collection service**, whereby PRRS handles all
> violators from approximately 30-days after the parking notice is issued. **PRRS
> sends out one or more attorney collection letters**. The Attorney Collection
> Program works well and is very effective, assuming the client's current operations
> does a great job of both issuing parking notices and handling customer disputes and
> questions once a notice is issued.                    (emphasis added by Plaintiff)

---

[1] https://www.parkingprrs.com/programs (last accessed on May 29, 2019).

11.    At the time of the collection activity directed to Plaintiff described below,

Defendant employed a Colorado licensed attorney, Gregg Van De Mark ("Attorney Van De

Mark"), who was described on the website[2] of Defendant as:

> Gregg Van De Mark, Lead Counsel. Gregg has been PRRS's lead counsel since
> January 2013, and in this capacity sends out thousands of attorney collection letters
> on behalf of PRRS's clients...

12.    After the untimely death of Attorney Van De Mark, Defendant employed another

Colorado licensed attorney, Cynthia M. Beyer ("Attorney Beyer"), who was described on the

website[3] of Defendant much like Attorney Van De Mark as:

> Cynthia M. Beyer, Lead Counsel. Cynthia recently joined PRRS in November,
> 2019, and in this capacity sends out thousands of attorney collection letters on
> behalf of PRRS's clients. Cynthia has been practicing law for over twenty-nine (29)
> years...

### 2.    Deceptive Collection Communications by Defendant

13.    On or about May 30, 2018, Defendant sent or caused to be sent to Ms. Crayton

three separate letters, known more commonly in the collection industry as a "dunning letter," for

the purpose of collecting monies ("Parking Debt") purportedly owed by Ms. Crayton for unpaid

parking notices ("Initial Collection Communication").

14.    A true and correct copy of the Initial Collection Communications is attached hereto

and incorporated by reference as Composite Exhibit "A."

15.    Defendant through the Initial Collection Communications stated:

> This law firm represents the above Creditor and Parking Revenue Recovery Services, Inc.
> concerning the above PARKING NOTICE and BALANCE DUE which is in
> COLLECTION.
>
> ("Ambiguous Creditor Disclosure")

---

[2] https://www.parkingprrs.com/projects (last accessed on July 15, 2018).
[3] https://www.parkingprrs.com/projects (last accessed on May 29, 2019).

16.     The Initial Collection Communications contained a reference to "RE: Denver Justice Center" which would confuse the least sophisticated consumer as to whether the "Denver Justice Center" was a creditor or just a parking lot location.  The confusion is compounded by the Ambiguous Creditor Disclosure in the Initial Collection Communications which represents the debt was being collected on behalf of the "Creditor" and "Parking Revenue Recovery Services, Inc."

17.     Each Initial Collection Communication stated that the "Total Due" was $1,020.00 in a manner that would confuse the least sophisticated consumer as the amount owned ("Aggregate Debt Disclosure"). While Defendant attempted to mitigate the confusion by stating in smaller print that "[t]he-Total Due- reflects the total of all citations, not just the citations that fit this page," the sending of three separate dunning letters as opposed to one letter with the details of the various unpaid parking notices would cause the least sophisticated consumer to not know the amount owed.

18.     Through the Initial Collection Communications, Defendant represented that the letter was being sent by a "law firm" ("False Name Representation"), when in fact the communication was mass-generated by Defendant.

19.     During the past several years, Defendant  has sent or caused to be sent out hundreds and perhaps thousands of letters to various Colorado consumers under the letterhead of either Attorney Van De Mark or Attorney Beyer with the purported typed signature of the respective attorneys in the form or substantially similar form as Initial Collection Communications.

20.     Defendant uses a mechanized, computer-driven process to send collection letters such as Initial Collection Communications with most variable information, such as the name of

the creditor, the alleged amount due, and the name of the consumer, inserted into pre-defined "fields" by a word processor or other computer-driven document assembly software.

21.    The information being inserted in these fields is inserted *en masse* by an employee of the Defendant as opposed to a "law firm" as stated in the False Name Representation.

22.    Written communications to consumers from Defendant including letters such as the Initial Collection Communications are created directly from the electronically stored information by Defendant.

23.    No attorney employed by a "law firm" or by Defendant meaningfully reviews or authorizes any particular individual letter in the form of or substantially similar form as the Initial Collection Communications before same is sent to a consumer.

24.    No attorney meaningfully reviews the account balance to determine how the balance is calculated or if the balance is correct before any particular individual letter in the form of or substantially similar form as the Initial Collection Communications before same is sent to a consumer.

25.    No attorney has actual knowledge of whether the account balances being sought are correct.

26.    Before seeking to collect an alleged debt under the auspices of a law firm, no attorney actually reviews the statement of the consumer's account in a manner or a form which allows the attorney to make certain legal judgments, which in the exercise of ordinary due diligence, an attorney would make in attempting to collect a debt associated with a consumer debt such as: (1)  the date the consumer's account was opened (i.e., to determine whether the debt obligation was subject to legal or equitable defenses including applicable statute of limitations); (2)  the residence of the debtor (i.e., to determine where the litigation can be prosecuted and what

5

state law governs the account); (3)  the date of each charge that was applied to the consumer's

account; (4)  the amount and date of each payment applied to the consumer's account; and (6)  the

method, rate, and means of computing interest on the consumer's account.

27.     At the time the Initial Collection Communications were sent to Plaintiff, Attorney

Van De Mark did not know that the Initial Collection Communications were being sent as the

mailing tasks were handled by Defendant.

28.     Defendant is a collection agency masquerading as a law firm which uses clerical

workers who are not attorneys to collect debts using the power and leverage of a law license.

## V.  DEFENDANT'S PRACTICES

29.     It is or was the policy and practice of Defendant to send collection letters in the

form of Composite Exhibit "A" to consumers in a manner which was reasonably calculated to

confuse or frustrate consumers with respect to advising consumers as to the right of consumers

with respect to the validation of consumer debts under 15 U.S.C. §1692g.

30.     It is or was the policy and practice of Defendant to send collection letters in the

form of Composite Exhibit "A" to consumers in the form of the Initial Collection Communications

to consumers such as Ms. Crayton which misrepresented the nature and identity of the debt

collector in violation of 15 U.S.C. §1692e and f.

## VI.  CLASS ACTION ALLEGATIONS

31.     This action is brought on behalf of a class consisting of (i)  all persons with

addresses in the state of Colorado (ii)  to whom letters the same form as Composite Exhibit "A"

were sent (iii)  in an attempt to collect a debt which, according to the nature of the creditor or the

debt, or the records of the creditor or defendants, was incurred for personal, family, or household

6

purposes (iv)  which were not returned undelivered by the U.S. Post Office (v)  during the one year

period prior to the filing of the complaint in this action.

32.     Plaintiff alleges on information and belief based on the Defendant's use of letters

in the form of Composite Exhibit "A" that the class is so numerous that joinder of all members is

impractical.  Based on Defendant's use of letters in the form of Composite Exhibit "A," Plaintiff

estimates that the class includes hundreds or thousands of class members.

33.     There are questions of law or fact common to the class, which common issues

predominate over any issues involving only individual class members.  The common factual issue

common to each class member is that each was sent a letter in the form of Composite Exhibit "A."

The principal legal issues are whether Defendant's letters in the form of Composite Exhibit "A"

violate the FDCPA by (i)  failing to properly inform the consumer with respect to the consumer's

rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate

the least sophisticated consumer in violation of 15 U.S.C. §1692g (ii)  by making false or

misleading representations in violation of 15 U.S.C. §1692e, and (iii)  by using unfair or

unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

34.     Ms. Crayton's claims are typical of those of the class members.  All are based on

the same facts and legal theories.

35.     Ms. Crayton will fairly and adequately protect the interests of the class.  She has

retained counsel experienced in handling actions involving unlawful practices under the FDCPA

and class actions.  Neither Plaintiff, nor her counsel, have any interests which might cause them

not to vigorously pursue this action.

36.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil

Procedure is also appropriate in that:

(1)  The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

38.     Ms. Crayton requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.  ALLEGATIONS OF LAW

39.     At all times material hereto, Ms. Crayton was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

40.     At all times material hereto, the Unknown Parking Lot Owner and the various other parking service providers represented by Defendant were "creditor(s)" as said term is defined under 15 U.S.C. §1692a(4).

41.     At all times material hereto, the Parking Debt purportedly owed to the Unknown Parking Lot Owner and the various other parking service providers represented by Defendant were a "debt" as said term is defined under 15 U.S.C. §1692a(5).

42.     At all times material hereto, Defendant was a "debt collector(s)" as said term is defined under 15 U.S.C. §1692a(6), and includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect a debt. 15 U.S.C. §1692a(6).

8

43.    15 U.S.C. §1692g(a) provides, in pertinent part, the following:

### Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1)  The amount of the debt;

(2)  The name of the creditor to whom the debt is owed;

(3)  A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)  A statement that if the consumer notifies the debt collector in writing within the thirty-day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)  A statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

44.    Through the use of Aggregate Debt Disclosure in the Initial Collection Communications, Defendant has failed to properly identify "the amount of the debt" in a manner which would not confuse the least sophisticated consumer in violation of 15 U.S.C. §1692g(a)(1).

45.    Through the use of the Ambiguous Creditor Disclosure in the Initial Collection Communications, Defendant has failed to properly identify the name of the creditor to whom the debt is owed in a manner which would not confuse the least sophisticated consumer in violation of 15 U.S.C. §1692g(a)(2).

9

46.    Through the use of the False Name Representation and the other conduct described above, Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§1692 *et sequi*, including, but not limited to:

a.    the use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e, e(2), e(3), e(10) and e(14) ; and

b.    the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

47.    As a result of Defendant's conduct, Plaintiff and the class have suffered a concrete and legally cognizable injury by not receiving the disclosures mandated by Congress under the FDCPA.   Accordingly, Plaintiff and the class are entitled to an award of statutory and actual damages pursuant to 15 U.S.C. §1692k.

48.    Plaintiff and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Danielle N. Drayton, individually, and on behalf of all others similarly situated, requests judgment be entered in her favor and in favor of the class against Defendant, Parking Revenue Recovery Services, Inc., a Colorado corporation, for:

A.    Declaratory judgment that Defendant's Exhibit "A" violates the FDCPA;

B.    Statutory and actual damages pursuant to 15 U.S.C. §1692k;

C.    An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D.    Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Danielle N. Drayton, individually, and on behalf of all others similarly situated,

pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so

triable.

DATED this 29th day of May 2019.

/s/ Robert W. Murphy_____
ROBERT W. MURPHY, ESQ.
Florida Bar No.: 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Facsimile: (954) 763-8607
E-Mails: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com
legalassistant@lawfirmmurphy.com

and

Daniel Vedra, Esq.
Colorado Bar No.: 43596
VEDRA LAW, LLC
1435 Larimer Street, Suite 302
Denver, CO 80202
Telephone: (303) 937-6540
Facsimile: (303) 937-6547
E-Mail: dan@vedralaw.com

*Counsel for Plaintiff*

11